SULLIVAN, Appellant, vs. STANDARD BRASS WORKS, Respondent.

*September 15—October 12, 1937.*

For the appellant there was a brief by *Sullivan & Taugher* of Milwaukee, and oral argument by *John J. Sullivan.*

For the respondent there was a brief by *Henry J. Bendinger,* attorney, and *John A. Kluwin* of counsel, both of Milwaukee, and oral argument by *Mr. Kluwin.*

FAIRCHILD, J.    One Zimmermann, who owned a foundry, subject to a mortgage, was indebted to defendant.    The

foundry had been leased to the Cities Foundry. The Cities Foundry made castings for defendant. In the adjustment of accounts between the Cities Foundry and defendant, one third of the amounts due the Cities Foundry was retained by defendant and credited by it on the indebtedness of Zimmermann. About February 1, 1934, the Cities Foundry ceased operating and Zimmermann then rented the building to plaintiff's assignor. Davis, who did business under the name of American Casting Service, and the defendant entered into an agreement similar to the arrangement between the Cities Foundry and defendant. Davis agreed to furnish castings to defendant at a specified price per pound. Defendant's president, one Jacobs, with whom Davis negotiated, testified that it was agreed that defendant might retain one third of the amounts due Davis for castings and apply it on Zimmermann's indebtedness to it, provided Zimmermann would permit Davis to apply it on the rent for the foundry building. Jacobs testified further that Davis later told him that the arrangement was all right with Zimmermann. Davis, on the other hand, testified that the one-third deduction was to be made only if Zimmermann permitted it and if Davis was indebted to Zimmermann at the time. Under the agreement, Davis furnished castings to defendant, and defendant made payments from time to time. Payments made by defendant did not exceed, but amounted in all to two thirds of the total billings for castings. The foundry building was sold under foreclosure of the mortgage, and Davis suspended operations, but he had spent some money in repairs of the buildings, and thus never became indebted to Zimmermann for rent. Plaintiff relies upon a letter written by Davis to defendant in which he said with relation to offsets:

"It must be definitely understood, however, that no such deductions can be made without these bills being approved by Zimmermann, and also there must be money due Zim-

mermann from us at the time such bills are due the American Casting Service from your firm."

This letter was written February 21, 1934, and followed preliminary negotiations of the parties in which terms were discussed, and it in time was followed by further negotiations which in the judgment of the trial court modified the terms of the letter. There is testimony that, after the letter was received by defendant, Davis was at defendant's office. Jacobs testified that he met Davis prior to the 8th of February; that Davis told him he was taking over the foundry, renting it from Zimmermann, and that he wanted to carry on the same basis of transaction that defendant had had with the Cities Foundry; that Davis wrote Jacobs a letter to the effect that the applying of the money on Zimmermann's account would be conditioned upon the fact as to whether or not Davis did actually owe Zimmermann any money; that he did not reply to Davis' letter in writing; that Davis came to Jacobs' office at the latter's request, and said the reason he had written the letter was that he had not seen Zimmermann, but that he was going to Louisville shortly to see him; that when Davis came back from Louisville, he came down to Jacobs' office, said he had seen Zimmermann, that everything was O. K., and that defendant could start in sending all the orders it wanted to. The question of veracity upon that point was resolved in defendant's favor.

Davis, in explanation of his acceptance of the payments of two thirds of the amount of the bills, testified that he had permitted the deductions of one third to stand only temporarily, and claims that, since he never became indebted to Zimmermann, the deduction of the one third of the cost of the castings was not allowable, and that defendant is still indebted for the remaining one third of the agreed price of the castings. The trial court, however, found that during all the time mentioned in plaintiff's complaint an agreement existed between plaintiff's assignor and the defendant where-

by defendant was authorized to deduct one third of any and all accounts billed against defendant by plaintiff's assignor, such deduction to be applied by the defendant on the existing indebtedness of the landlord of plaintiff's assignor to defendant; that plaintiff's assignor submitted bills and accounts from which defendant deducted one third, and tendered payment of the balance, and such payments were expressly accepted in satisfaction of such accounts by plaintiff's assignor; that such deductions were applied by defendant against the account owing by the landlord of plaintiff's assignor to defendant with the express consent of the plaintiff's assignor; that there has been full payment by defendant.

It being conceded that by reason of the advances for repairs Davis was not indebted to Zimmermann at the times when the deductions were made by defendant, the issue is whether or not the existence of such indebtedness was a condition which must be fulfilled, according to the terms of the agreement between Davis and defendant, before a deduction could be made. Since the testimony of defendant's witnesses, Jacobs and Schmidt, is that the agreement was not conditional upon Davis owing Zimmermann and that the parties here concerned "were to continue doing business . . . the same as we had been with the Cities Foundry," the finding by the trial court that the deductions were authorized is sufficiently supported by the evidence and is conclusive.

Plaintiff argues that Davis received no consideration for his promise to allow a deduction of one third of the price of the castings. This promise, however, was part of a contract under which Davis promised to furnish and defendant to buy and pay for castings upon fixed terms. The promises on one side were ample consideration for those on the other.

*By the Court.*—Judgment affirmed.